Dear Mr. Kennedy:
You have requested an opinion of the Attorney General on the following issues:
 1. "Am I, or my designee, entitled to the immunity from liability provided for under La.R.S. 22:1430.5(A), if a claim or action is asserted against either of us individually or otherwise for actions taken while so performing and participating."
 2. "Am I, or my designee, entitled to the indemnification and defense coverage provided for under La.R.S. 13:5108.1, if a claim or action is asserted against either of us individually or otherwise for actions taken while so performing or participating."
La.R.S. 22:1430.5(A) provides that there shall be no liability and no cause of action of any nature against the governing board of the Louisiana Citizens Property Insurance Corporation for any action taken by them in performance of their duties or responsibilities. Subsection B states that the immunity does not apply to any willful tort or criminal act.
As you or your designee sit as a member of the Board of Directors of the Louisiana Citizens Property Insurance Corporation, the immunity contained in La.R.S. 22:1430.5(A), is applicable and covers both official and individual liability, unless the acts were willfully tortious or criminal.
In response to your second question, La.R.S. 13:5108.1 provides for indemnification and defense for claims made against you or your designee for acts taken in the performance of the duties of the office or employment with the State, but excludes acts done when not engaged in the performance of the duties of the office or employment or criminal conduct. Since your service on the Louisiana Citizens Property Insurance Corporation is by virtue of your election as *Page 2 
State Treasurer, it would be considered covered for purposes of La.R.S. 13:5108.1. The indemnification and defense owed under the Statute covers both official and individual liability, unless the acts were done outside the performance of the duties of the office or employment or criminal conduct.
Lastly, you request information of other possible immunities, defenses, or similar provisions. These provisions vary due to factors such as the type of lawsuit, the court the suit is filed in, and the cause of action asserted. For example, a suit filed in federal court under 42 U.S.C. 1983 seeking damages from you in your official capacity would be subject to Eleventh Amendment Immunity. The same suit against you in your individual capacity would be subject to a defense of qualified immunity. A suit in state court may be subject to a defense of discretionary immunity under La.R.S. 9:2798.1. It is not possible to be more exact unless you wish a specific situation addressed. As discussed above, La.R.S. 22:1430.5 and La.R.S. 13:5108.1 provide broad protection for most situations that would arise.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 David G. Sanders
 Assistant Attorney General